JONES, Justice:
Appellant appeals from a conviction of burglary in the Circuit Court of Jackson County, Mississippi. There is only one assignment of error — that the court erred in refusing to sustain the motion to dismiss the indictment herein.
We shall treat the motion to dismiss the indictment as a motion to quash. We are compelled to reverse.
Mabry’s Foodland, a grocery store in Jackson County, was burglarized. It was known that three men were engaged in the burglary. One of whom was appellant, who was caught at the scene, but the two accomplices were unknown and unidentified.
Appellant’s attorney consulted with the county attorney about securing leniency or a reduced charge for appellant provided he would assist in convicting the other two men involved in the burglary. The county attorney advised he had no authority, and that the matter would have to be handled by the district attorney.
It is shown that the attorney for the appellant approached the district attorney twice and discussed the matter. It was the understanding, whether rightfully or mistakenly, of the defendant and his attorney that an agreement had been reached whereby if appellant cooperated with the state in the prosecution of the other men, his indictment for burglary would be reduced to a lesser offense to which he might plead guilty.
On a hearing before the circuit judge involving these facts, the district attorney denied that there was any agreement and stated he had never made such an agreement with anybody. He did tell the appellant, or his attorney, that if he voluntarily appeared before the grand jury and for the state in the trial of the other two men, then, after their trials were over, if he wanted to plead guilty, he would sit down and talk to him. The circuit judge was never contacted.
The consent of the court to a compromise of any criminal case is required by Section 2566, Mississippi Code 1942 Annotated (1956).
On a hearing on the issue to quash the indictment, the circuit judge denied any relief, holding no such agreement was made, but specifically requiring that the state not use any testimony theretofore given by appellant, either at the preliminary hearing of the others, before the grand jury, or at the trial of the other men.
*416 Appellant claims that while he appeared before the grand jury without a subpoena, it was not a voluntary appearance because he was under the impression that an agreement had been reached with the state, and, in furtherance of this agreement, he went before the grand jury.
Both the Constitution of the United States (Amendment V) and the Constitution of the State of Mississippi (Article III, Section XXVI) provide that a defendant shall not be compelled to give evidence against himself.
This is a provision of both of the constitutions that has been very actively supported and enforced by the courts of this state.
In State v. Milam, 210 Miss. 13, 48 So.2d 594 (1950) there was the problem as to whether testimony of two defendants before the grand jury was given under such circumstances as to render it involuntary and therefore unusable as the basis of a criminal prosecution.
The two Milams operated a store which was burglarized. They suspected Chism and Tiner and proceeded to try to arrest them on the highway. Chism escaped but Tiner was arrested and taken to the sheriff. Chism asserted that the Milams had committed an assault and battery upon him. Tiner charged the Milams with kidnapping. The Milams in turn charged Chism and Tiner with burglary. The district attorney was advised that Chism and Tiner desired to go before the grand jury and make complaints against the Milams. They were required to sign a waiver which was executed by Chism and Tiner before court convened. After the grand jury convened, the Milams discussed the matter with the district attorney and told him they wanted to appear before the grand jury. The charge of burglary against Chism and Tiner was docketed for the grand jury. The Milams were subpoenaed to appear before it. When the Milams came into the grand jury room, the district attorney showed them a written waiver signed by Chism and Tiner. He told the Milams that they had a privilege not to testify if they did not want to and said that unless they signed a waiver, they could not testify about anything except the burglary. The Milams then signed the waiver and narrated separately their versions of these events. Subsequently the Milams were indicted for assault and battery on Chism. The Milams moved to quash the indictment on the ground that it was based upon their testimony before the grand jury and that such facts so acquired could not be used because they had a constitutional immunity against self-incrimination. The trial judge sustained the motion. The court said that the state’s attorneys’ actions were manifestly fair toward the Milams but that “the entire situation itself must have exerted a strong pressure on appellees to do this.” The trial judge held that circumstances recited deprived the testimony of its voluntary status. The court then said:
The protection of important constitutional privileges such as that against compulsory self-incrimination must encompass the subtle as well as the apparent. It is the responsibility of the courts to examine carefully the merits of every claim of this privilege. (210 Miss, at 24, 48 So.2d at 596).
In the Milam, case, it is further stated:
The courts have recognized realistically and for a long time this situation-type of pressure on a witness. There apparently have not been any cases involving the particular facts of this case, but analogous to it in this sense is the almost unanimous agreement that in the trial of a criminal case it is improper for the prosecuting attorney or the court in the presence of the jury to call upon the defendant or his counsel to produce a document as being in his possession. See note, 110 A.L.R. 101 (1937). In Powell v. Commonwealth of Virginia, 1937, 167 Va. 558, 189 S.E. 433, 436, this occurred, for example, and the Court held that “Whenever the accused * * * is forced to testify for fear that adverse infer- *417 enees might be drawn from his failure, then he has not volunteered as a witness and has not waived his rights. Such waiver only follows where liberty of choice has been fully accorded”.
The same type of protection should be applicable to testimony in grand jury proceedings. (210 Miss. 25, 26, 48 So.2d at 596).
In State v. Bates, 187 Miss. 172, 192 So. 832 (1940), this Court said:
The Constitution is a living law protecting human rights, not a mere rhetorical bauble to adorn an afterdinner speech or a Fourth of July oration. * * *
The public interest in enforcing the laws against crime, and in applying civil remedies in many cases, exceeds in importance to the community the benefit that would flow from the conviction of a particular defendant of crime. The immunity statute, section 1286, Code of 1930, is remedial in its nature, and should be liberally construed in the giving of complete immunity from prosecution to a person whose constitutional rights may be affected. The Constitution itself is to be liberally construed in favor of the citizen; * * * (187 Miss, at 183, 192 So. at 836).
The record shows that appellant appeared before the grand jury and testified. There was no subpoena issued for him. He did testify and the question is whether or not his appearance before the grand jury was voluntary. Looking at the entire record, we cannot escape the conclusion that his appearance was a result of pressure resulting from the agreement which he, undoubtedly, thought was in existence. This understanding, which he thought he had obtained, and pressure therefrom destroyed the voluntariness of the appearance. The grand jury returned an indictment against the appellant using his testimony as at least a partial basis thereof. We cannot condone, under a situation of this kind, the indictment of a person who appears before the grand jury under pressure resulting from what was certainly a misunderstanding.
The Milam case, supra, held that the defendant can be reindicted by another grand jury. State v. Milam, suggestion of error overruled, 210 Miss. 26, 49 So.2d 806 (1951).
For the reasons stated, we are reversing the case; sustaining the motion to quash the indictment; but the appellant is to be held under bond awaiting action, if any, of the next grand jury.
Reversed; indictment quashed; defendant to be held to await action by the next grand jury.
ETHRIDGE, C. J., and RODGERS, BRADY and SMITH, JJ., concur.